UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNYE T. McINTOSH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-422-TWP-DKL |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

### ENTRY DISCUSSING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

For the reasons explained in this Entry, the motion of Dannye T. McIntosh ("McIntosh") for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. 28 U.S.C. § 2255 CLAIM

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).

A court may grant relief from a federal conviction or sentence pursuant to Section 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Because McIntosh has failed to make such a showing here, his motion for relief pursuant to 28 U.S.C. § 2255 must be **DENIED**. This conclusion is based on the following facts and circumstances:

1. McIntosh, along with co-defendants Irving Posada-Guevara ("Posada-Guevara")

and Jason Black ("Black"), was charged in No. IP 05-CR-119-03-H/F with (Count 1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 846; and (Count 2) possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). Posada-Guevara pled guilty to both counts of the Indictment. McIntosh and Black were tried together before a jury and were each found guilty of both counts. Posada-Guevara did not testify at the trial.

2. A sentencing hearing was conducted on March 17, 2006. The Court determined McIntosh's advisory guideline sentencing range to be 360 months to life imprisonment. That range was based on the determination that McIntosh had a total offense level of 37 and a criminal history category of VI. McIntosh was sentenced as a career offender pursuant to USSG § 4B1.1. The Court sentenced McIntosh to two concurrent terms of imprisonment of 360 months to be followed by two concurrent eight year terms of supervised release. McIntosh was also assessed the mandatory assessment of $200.00.

3. McIntosh appealed his convictions and sentence. McIntosh's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and, after providing McIntosh with a period of time to respond, the attorney was permitted to withdraw and the appeal was then dismissed as frivolous. *United States v. Black and McIntosh*, 2007 WL 959411 (7th Cir. March 30, 2007) (unpublished disposition). In making the assessments required when acting on an *Anders* brief, the Court of Appeals found the evidence of McIntosh's guilt sufficient and found that a challenge to the reasonableness of McIntosh's sentence would be frivolous. In reviewing the case as presented to it, the Court of Appeals explained:

> [T]he evidence in the record is sufficient on the conspiracy count if it shows that McIntosh was aware that the goal of the conspiracy was to distribute marijuana

> and he acted to further that goal, *see United States v. Medina*, 430 F.3d 869, 882 (7th Cir. 2005), even if the evidence is entirely circumstantial. *See United States v. Brisk*, 171 F.3d 514, 526 (7th Cir. 1999). Here, the evidence showed that McIntosh called Black four times between 12:23 a.m. and 12:35 a.m., which was about twenty-five minutes before the three men attempted to pick up the marijuana. The jury could reasonably infer that McIntosh made these phone calls in order to recruit Black to use his pick-up truck to retrieve the marijuana. McIntosh then rode with Black and Posada to the location and proceeded to help load the boxes-some of which broke open prior to being loaded and all of which had a "strong marijuana odor"-suggesting that McIntosh knew that the boxes contained marijuana. This inference is further supported by the fact that McIntosh jumped out of the fleeing pick-up truck as it was still moving, evaded the police, and hid underneath a car that was parked nearby. It would, therefore, be frivolous for McIntosh to argue that the record is devoid of evidence that he knew that there was a conspiracy to distribute marijuana and that he acted to further that goal by recruiting a driver and loading the truck.
>
> Second, the evidence is sufficient on the possession count if it shows that McIntosh possessed the marijuana with the intent to distribute it while knowing that it was a controlled substance. *See United States v. Orozco–Vasquez*, 469 F.3d 1101, 1106 (7th Cir. 2006). It would be frivolous to argue in the face of the evidence described above that McIntosh was unaware that the boxes contained marijuana or that he did not possess it.

*Id.,* 2007 WL 959411, *3. The Seventh Circuit also found that the testimony of Agent Hagelsieb and Agent Lievers regarding statements Posada-Guevara made to them "during the course and in furtherance of the conspiracy" were not hearsay. *Id.* citing 801(d)(2)(E).

4.  McIntosh's Section 2255 motion is premised on claims that he was denied effective assistance of counsel at trial and at sentencing, as well as in his direct appeal. Each specification of attorney ineffectiveness suffers from the same fatal defect, which is that McIntosh has not shown prejudice in the manner required by *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different....'" *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)

3

(*quoting Strickland*, 466 U.S. at 694); *see also Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).

    5.    McIntosh's claims of ineffective assistance of counsel are, as the government describes, "not readily discernible, but appear to revolve around the non-testimony of co-defendant Posada-Guevara." McIntosh appears to argue that he had a constitutional right to cross-examine Posada-Guevara and that the government should have granted Posada-Guevara immunity to testify. Not granting Posada-Guevara immunity, he asserts, effectively suppressed exculpatory evidence. Had Posada-Guevara testified, McIntosh argues he could have elicited testimony which would have demonstrated that McIntosh was just an innocent helper in the loading of the boxes, prove that he knew nothing about the marijuana, that there was no evidence of marijuana in sight nor was there any smell of marijuana there that night, prove that there was no conspiratorial agreement between himself and Posada-Guevara and, most especially, prove that Posada-Guevara was a cooperating individual at the time of the incident.

    6.  Specifically, McIntosh argues the following:

    a. "Counsel was ineffective for failure to object effectively to the government invocation of Posada's already-waived right to be free of self-incrimination on the basis that it is a personal right to which the government lacked standing and that it could have grant Posada –Guevara immunity against self-incrimination." Dkt 2. at p.3.

    b. "Counsel was ineffective for failure to move to challenge in this honorable court and on appeal movant's prosecution on the basis of suppressed evidence of unaccounted for time and implications of exculpatory evidence relating to Joe's

4

disappearance, the vanishing of the two Spanish-speaking occupants of the first truck, and Posada's missing cell-phone that facilitated everything in this case." Dkt 2 at p. 7.

c. "Counsel was ineffective for failure to seek the time and date when Posada became a cooperating individual and ask that the government clarify whether Posada was cooperating with law enforcement during the period of the movant's alleged participation." Dkt. 2 at p. 7.

d. "Counsel was ineffective for failure to ask for the government to explain the inter-relationship between Posada and Joe, the two Spanish-speaking occupants in the first truck to the charged offenses and, if Posada was cooperating at the time of movant's alleged participation, to explain and clarify why Posada was indicted for conducts that were within the time frame of his official duty." Dkt. 2 at p. 8.

e. "Counsel was ineffective for failure to move to challenge in this honorable court and on appeal movant's prosecution on the basis that the government suppressed the only direct evidence bearing on whether there was conspiratorial agreement, knowledge and intent." Dkt. 2. at p. 8.

f. "Cumulative effect of errors in this case raised to level of structural error." Dkt. 2 at p.8.

7. McIntosh's claims of ineffective assistance of counsel fail because he has demonstrated neither harm nor prejudice from his attorney's representation:

a. McIntosh does not provide any evidence or point to any support in the record that Posada-Guevara was co-operating with the government as an informant or as an

5

agent.

b. McIntosh does not provide any evidence or support in the record for his claim that the government "stood in the way of letting Posada-Guevara, its cooperating witness, testify by" invoking Posada-Guevara's right to be free of self-incrimination to prevent him from testifying on behalf of the defense.

c. McIntosh has not offered an affidavit which shows what testimony Posada-Guevara would have given and there is no reason for this Court to believe that Posada-Guevara's testimony would have affected the outcome of the trial given the fact that he pled guilty to the conspiracy and the other evidence offered at trial. See *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996); *United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992). As the Seventh Circuit stated "Here the evidence showed that McIntosh was an active participant...and it would be frivolous for McIntosh to try to argue that he was merely present during the offense." *Black and McIntosh,* 2007 WL 959411, *3.

d. There is no evidence to support McIntosh's allegation that the government suppressed evidence favorable to McIntosh (or any evidence at all).

e. McIntosh alleges generally that Posada-Guevara's guilty plea was used as a material fact during his trial in violation of the confrontation clause citing *Bruton v. United States*, 391 U.S. 123 (1968). But McIntosh does not point to any specific testimony or citation to the record in support of his claim. There is simply no evidence that McIntosh's attorney was ineffective in failing to object to a violation of the confrontation clause.

8. McIntosh raises an additional argument in his submission dated September 25, 2009 [Dkt 15]. This filing invites the Court to conduct an analysis pursuant to *Begay v. United States,* 553 U.S. 137 (2008). However, this would avail McIntosh nothing, as the following circumstances establish:

    a. Under United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 4B1.1, a defendant is sentenced as a career offender if, among other requirements, he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

    b. The application of the career criminal enhancement pursuant to § 4B1.1 was found warranted at McIntosh's sentencing. Judge Hamilton found at McIntosh's sentencing that McIntosh had a prior controlled substance offense and a prior crime of violence. This latter prior offense consisted of McIntosh's conviction for reckless homicide, wherein he shot and killed his girlfriend.

    c. The Guidelines define a "crime of violence" as an offense that warrants at least a year in prison and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a).

    d. The definition of "crime of violence" in the Guidelines is almost identical to the definition of "violent felony" in the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4B1.2(a)(2). Because both share essentially the same definition, the same analysis is applied to determine whether a crime is a violent
7

felony under the Armed Career Criminal Act and to determine whether a crime is a crime of violence under the Guidelines. *See United States v. Woods,* 576 F.3d 400, 403-04 (7th Cir. 2009). Under the Armed Career Criminal Act, a crime that poses a serious risk of physical injury must also be similar in kind to the enumerated crimes to meet the definition of "violent felony." *Begay,* 553 U.S. at 142. Therefore this same restriction applies to the career offender enhancement, and it must be similar in kind to the enumerated crimes to meet the definition of a crime of violence.

e. In *Woods,* the Seventh Circuit held that Illinois' crime of involuntary manslaughter was not a "crime of violence" for purposes of career offender guidelines. McIntosh seeks to align his reckless homicide on the *Woods* side of the § 4B1.2(a) ledger.

f. *Woods* does not control here. As shown by the recent decision in *Price v. United States*, 2011 WL 3468340, *3 (7th Cir. Aug. 8, 2011), a *Begay* analysis of McIntosh's reckless homicide conviction would require a modified categorical approach, which applies when a statute is "divisible" – that is, when it creates more than one crime or one crime with multiple enumerated modes of commission, some of which may be crimes of violence and some not. *Woods,* 576 F.3d at 405-06 (citing *Begay*; *James*; *Chambers v. United States,* 129 S.Ct. 687 (2009); and *Nijhawan v. Holder,* 129 S.Ct. 2294 (2009)).

g. In *Price*, the defendant argued that his 1996 Indiana conviction for criminal recklessness, Ind. Code ' 35–42–2–2, was not a violent felony under the residual

clause of the Armed Career Criminal Act. Under Indiana law, a person is guilty of criminal recklessness if he "recklessly, knowingly, or intentionally" performs an act that creates a "substantial risk of bodily injury" to another. Ind. Code ' 35–42–2–2(b)(1). The Court of Appeals examined the nature of the statute and concluded that because Price pleaded guilty to criminal recklessness, and his admission showed that he intended to shoot and hit the car "he violated the intentional branch of the criminal-recklessness statute." *Price v. United States*, 2011 WL 3468340, *4 (citing *United States v. Clinton,* 591 F.3d 968, 973–74 (7th Cir. 2010) (defendant's prior Indiana conviction for criminal recklessness was violation of intentional part of statute and predicate crime of violence because admission during plea colloquy that he stabbed victim more times than necessary revealed that he intended act and consequences).

h. McIntosh likewise violated the intentional part of Indiana's criminal reckless statute in relation to the shooting death of his girlfriend. See Ind. Code ' 35-42-1-5 ("A person who recklessly kills another human being commits reckless homicide, a Class C felony."). This conclusion rests upon his use of a firearm in that offense. *United States v. Crews*, 621 F.3d 849, 856-57 (9th Cir. 2010) ("We have trouble imagining a circumstance in which a person could knowingly use a dangerous weapon without intending to do so. Indeed, Crews has not provided any case in which an individual who knowingly engaged in an assault by means of a deadly or dangerous weapon acted without the intent to cause harm. In short, convictions involving knowing use of a deadly weapon typically involve

            'purposeful' conduct within the meaning of *Begay*.").

       i. Indeed, as *Price* also noted, "[t]he Supreme Court recently said in *Sykes* [*v. United States,* 131 S.Ct. 2267 (2011),] that requiring an ACCA predicate offense to be purposeful, violent, and aggressive 'overreads' the Court's opinions. 131 S.Ct. at 2275. The court emphasized that residual-clause analysis should focus on the risk of physical injury. See *id.* at 2273, 2275 (noting that *Begay* was the "sole decision of this court concerning the reach of ACCA's residual clause in which risk was not the dispositive factor"). The 'purposeful, violent, and aggressive' phrase was used, the court said, only to explain the result in *Begay,* where the prior conviction at issue – DUI – did not have to be committed purposefully. *Id.* at 2275–76." 2011 WL 3468340, *4.

Under these circumstances, the Court has no doubt that both at the time of sentencing and at present McIntosh's conviction for reckless homicide qualified as a "crime of violence" as that term is used in U.S.S.G. § 4B1.2(a). Accordingly, his sentence is not infirm for that reason and his supplemental claim does not entitle him to relief under Section 2255.

Having considered the pleadings, the expanded record, and the parties' arguments, the Court finds for the reasons explained in this Entry that McIntosh has failed to show that he is entitled to the relief he seeks and that his motion relief pursuant to 28 U.S.C. § 2255 must be **DENIED**. Judgment consistent with this Entry shall now issue.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that McIntosh has failed to show

that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore DENIES a certificate of appealability.

SO ORDERED.

DATE: 09/20/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dannye T. McIntosh, DOC #05631-028
Terre Haute Federal Correction Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, Indiana 47808

Gerald A. Coraz
United States Attorney's Office
Gerald.coraz@usdoj.gov