UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNYE T. McINTOSH,           )<br>                    Movant,  )<br>    vs.                       )<br>                              )<br>UNITED STATES OF AMERICA      ) | No. 1:08-cv-422-JMS-DKL |

**Entry Discussing Post-Judgment Motion, Denying such Motion
in Part and Directing Treatment of the Remainder of such Motion**

Petitioner McIntosh has filed a motion for relief from judgment pursuant to Rule 60(a)(6) of the *Federal Rules of Civil Procedure*. As explained below a portion of that motion is a genuine post-judgment motion and the remainder of that motion is a renewed challenge to his sentence as an armed career criminal in No. IP 05-CR-119-03. This conclusion rests on the following facts and circumstances:

1.   Petitioner was sentenced on March 17, 2006, following his conviction for drug offenses. His sentence was enhanced pursuant to USSG 4B1.1 based in part on his conviction for Reckless Homicide in an Indiana state court.

2.   McIntosh appealed his convictions and sentence. McIntosh's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and, after providing McIntosh with a period of time to respond, the attorney was permitted to withdraw and the appeal was then dismissed as frivolous. *United States v. Black and McIntosh*, 2007 WL 959411 (7th Cir. March 30, 2007)(unpublished disposition).

3.   On March 31, 2008, the petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255. That action was docketed as No. 1:08-cv-422 and was assigned to the docket of Judge Pratt. After briefing the § 2255 motion was denied on September 20, 2011.

4. The petitioner filed another challenge to his enhanced sentence using 28 U.S.C. § 2241. This was docketed as No. 2:12-cv-230-JMS-DKL and was dismissed on July 17, 2013, as being outside the scope of the savings clause found at 28 U.S.C. § 28 U.S.C. § 2255(e).

5. The petitioner then filed his *statement of plain error in sentencing* on October 29, 2013. No. 1:08-cv-422 was reassigned to the docket of the undersigned. Applying the guidelines prescribed in *Gonzales* v. Crosby, 545 U.S. 524,535 (2005), that *statement* was processed as a new motion for relief pursuant to 28 U.S.C. § 2255. Once re-docketed as No. 1:13-cv-1866-JMS-DML, the new § 2255 action was dismissed for lack of jurisdiction on November 26, 2013, because the petitioner had not obtained permission of the Court of Appeals to file a second or successive § 2255 motion.

6. On December 10, 2013, McIntosh filed a motion for relief from judgment pursuant to Rule 60(b)(6). Rule 60(b)(6) is a catch-all provision that authorizes relief from judgment for "any other reason that justifies relief."

7. The *Gonzales* guidelines alluded to in paragraph 5 of this Entry are these: When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). A motion that "add[s] a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits"* presents a claim for habeas relief. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

8. McIntosh's motion filed on December 10, 2013, has aspects of each; that is, his motion asserts irregularity in the resolution of No. 1:08-cv-422 and also re-asserts the claim that

he is entitled to relief under 28 U.S.C. § 2255 because of the ineffective assistance of counsel. These aspects will be treated separately.

9. McIntosh challenges the integrity of the proceeding in No. 1:08-cv-422 because, he asserts, Judge Pratt had a duty to recuse herself from that case. This challenge is far too late to be effective. McIntosh did not raise this concern while the § 2255 motion was pending—a period of nearly 40 months. He did not raise this concern in his request for a certificate of appealability. He did not seek mandamus relief with respect to the matter. *See, e.g.*, *Johnson*, 680 F.3d at 980 ("Because a party waives his [28 U.S.C.] § 455(a) recusal argument by failing to petition for a writ of mandamus, it follows that he also waives it by failing altogether to raise it at the district court level." (quotation and citation omitted)); *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010) ("[R]ecusal under § 455(a) must be sought immediately through a writ of mandamus or it is waived."). In the same vein, but moving to the present, McIntosh has not raised this concern within a reasonable time, and hence cannot obtain relief pursuant to Rule 60(b)(6). *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986). "What constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Id.* (quoting Rule 60). McIntosh is at fault for not presenting his concern when he first became aware that No. 1:08-cv-422 was assigned to Judge Pratt. His waiver of the matter precludes a finding of exceptional circumstances. *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.),* 902 F.2d 1275, 1278 (7th Cir. 1990). Thus, the motion for relief from judgment [dkt 34] is **denied** insofar as through it McIntosh challenges the integrity of the disposition of his motion for relief pursuant to 28 U.S.C. § 2255.

10. A post-judgment motion that attacks court's previous resolution of a claim on the merits presents a claim for habeas relief. *Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009) ("[W]e conclude that Ward's Rule 60(b) and Rule 59 motions were improper because they were not based on a procedural defect, but rather attacked previous habeas counsel's omissions and asked for a second opportunity to have the merits determined favorably.")(citing *Gonzales*, 545 U.S. at 532 n.2). The disposition of the first § 2255 motion rejected the petitioner's ineffective assistance of counsel claim on the merits. The motion for relief from judgment filed on December 10, 2013, reasserts that claim. Accordingly, the portion of the motion for relief from judgment filed on December 10, 2013, in which the petitioner reasserts his claim of ineffective assistance of counsel will be treated as a new motion for relief pursuant to 28 U.S.C. § 2255, consistent with the following:

    a. The motion for relief from judgment [dkt 34] shall be re-docketed as a new § 2255 action in the Indianapolis Division.

    b. This Entry shall be re-docketed in the newly opened action, in which McIntosh shall be designated as the petitioner and the United States shall be designated as the respondent, and shall likewise be docketed with a copy of the motion for relief from judgment in No. IP 05-cr-119-03-JMS-DKL.

    c. The newly opened action shall be assigned a nature of suit code of 510 and a cause of action code of 28:2255(a).

    d. The newly opened action shall be shown as linked to both this action and to No. IP 05-CR-119-03.

11. The motion for relief from judgment [dkt. 34] is **denied** in this action insofar as the petitioner seeks through such motion to reassert his claim of ineffective assistance of counsel.

IT IS SO ORDERED.

Date: 12/30/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dannye T. McIntosh
#05361-028
Terre Haute – FCI
P.O. Box 33
Terre Haute, IN 47808

Gerald.coraz@usdoj.gov